PROB 12C
(06/17)

September 10, 2019
pacts id: 4513643

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Kevin Serrano (Spanish)                **Dkt No.:** 18CR01159-001-CAB

**Reg. No.:** 67742-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II) and (a)(1)(B)(i), Transportation of Certain Aliens for Financial Gain and Aiding and Abetting, a Class C felony.

**Date of Sentence:** June 29, 2018

**Sentence:** 18 months' custody; 3 years' supervised release. *(Special Conditions:   Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** June 21, 2019

**Asst. U.S. Atty.:** Eric George Roscoe        **Defense Counsel:**     Sara M. Peloquin, Fed. Defs., Inc.
                                                                          (Appointed)
                                                                          (619) 234-8467

**Prior Violation History:** None.

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)
Name of Offender: Kevin Serrano                                                 September 10, 2019
Docket No.: 18CR01159-001-CAB                                                                Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. | 1. On or about August 11, 2019, Mr. Serrano committed alien smuggling, in violation of 8 U.S.C. § 1324, as evidenced by U.S. Border Patrol, Arrest Report No. IDO1908000046. |

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed U.S. Border Patrol, Arrest Report No. IDO1908000046, which confirms the following: On August 11, 2019, at approximately 4:00 p.m. U.S. Border Patrol agents assigned to the Highway 86 Checkpoint near Westmorland, California, were notified of a sensor activation in an area called Juliet Road. According to border patrol, the Juliet Road is a circumvention route taken by alien smugglers when they are trying to avoid inspection at the checkpoints. Agents responded to the area as they were informed that a Toyota Tundra and a Jeep Cherokee were traveling north on Juliet Road. Within a few minutes, an agent had a visual of the Tundra and following behind it was the Cherokee. The agent then noted that the Cherokee immediately turned around and went back south while the Tundra continued to his location. An agent then conducted a vehicle stop on the Tundra while another agent caught up to the Cherokee. Based on the vehicle turning around when seen by border patrol and its high rate of speed, the agent activated his emergency lights and sirens. After the agent activated his emergency equipment, the Cherokee increased its speed dramatically. As the area is used by the public, the agent made the decision to decrease his speed and turn off his emergency equipment. The agent then observed as the Cherokee stopped approximately 50 yards from his location and three individuals exited the vehicle and ran into the desert. The agent reported this on the service radio and relayed that the Cherokee continued to travel south toward Interstate 8. A short time later, all individuals that exited the vehicle were apprehended by border patrol. During questioning regarding their citizenship, all individuals admitted being citizens of Mexico without any documents to live or work in the United States legally. All individuals were transported to the border patrol station for processing and further interview. Agents later observed the Cherokee on Juliet Road. When the driver of the vehicle, later identified as Ramiro Lopez-Lopez, saw border patrol, he tried to travel off the road and got the Cherokee stuck in the sand. Mr. Lopez absconded from the vehicle, but an agent apprehended and arrested him. He was then transported to the border patrol station for processing and further investigation.

At approximately 4:30 p.m., and agent performed a vehicle stop on the Tundra and encountered the driver, later identified as Ricardo Anselmo Aguilar. Mr. Aguilar stated he was a United States citizen and was not in possession of an identification. The agent then questioned the front seat passenger, later identified as the supervisee, Keven Serrano, regarding his citizenship and he stated he was a United States citizen. After further questioning and due to the Tundra driving in tandem with the Grand Cherokee on Juliet Road, Juliet Road being a known route used by human smugglers, Mr. Aguilar having a prior alien smuggling history, and both subjects not having any identification, the agent made the decision to detain them. Agents suspected Mr. Aguilar and Mr. Serrano were involved in attempted alien smuggling and placed them under arrest. They were then transported to the border patrol station for processing and further interview.

At the border patrol station, the driver of the Cherokee, Ramiro Lopez-Lopez, declined to provide a statement. The driver of the Tundra, Ricardo Anselmo Aguilar-Betancourt, denied knowledge of the alien smuggling event. The supervisee, Kevin Serrano, declined to speak with agents without a lawyer. The agents then obtained statements from the illegal aliens. The three "principles," Mr. Lopez-Lopez, Mr. Aguilar-Betancourt, and Mr. Serrano were processed for prosecution for violation of 8 U.S.C. § 1324, alien smuggling. The three illegal aliens

were processed as material witnesses and processed accordingly for immigration violations.  All vehicles were seized as per El Centro Sector Guidelines.

Court records reflect a complaint (19MJ10310-001-RBM) was filed against Mr. Lopez-Lopez alleging he transported illegal aliens.  Regarding Mr. Serrano, there is no indication that prosecution was approved against him for this alien smuggling incident.

**(Standard Condition)**

If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

2.  On or about August 11, 2019, Mr. Serrano was questioned and arrested by law enforcement, as evidenced by U.S. Border Patrol, Arrest Report No. IDO1908000046.  Mr. Serrano failed to notify the probation officer within seventy-two hours of being questioned.

***Grounds for Revocation:*** As to allegation 2, I have received and reviewed U.S. Border Patrol, Arrest Report No. IDO1908000046, which confirms that on August 11, 2019, Mr. Serrano was questioned and arrested by law enforcement.  Mr. Serrano failed to notify the probation officer within seventy-two hours as required.

**(Mandatory Condition)**

The defendant shall not illegally possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.  Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

3.  On July 15, 23, 31, August 7, 8, 28, and September 6, 2019, Mr. Serrano failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit urine specimens at the United States Probation Office, as required.

***Grounds for Revocation:*** As to allegation 3, I have received and reviewed the Chain of Custody for Drug Analysis forms which confirm that on the above dates, Mr. Serrano failed to submit urine samples, as required.  On June 27, 2019, the probation officer reviewed written instructions for drug testing with Mr. Serrano, and he acknowledged receipt of the instructions with his signature.  Specifically, Mr. Serrano was instructed to call the drug testing line the day before each drug testing day and report for testing when required in the automated testing line recording.

## VIOLATION SENTENCING SUMMARY

## SUPERVISION ADJUSTMENT

Mr. Serrano commenced supervised release on June 21, 2019.  He reported to the probation office on June 27, 2019, for his intake.  As previously noted, Mr. Serrano failed to appear for drug testing on July 15, 23, 31, and August 7 and 8, 2019.  He was then arrested on August 11, 2019, for alien smuggling and he failed to inform probation regarding his arrest.  Mr. Serrano then failed to report for drug testing again on August 28, and

September 6, 2019. As of this writing, Mr. Serrano has ceased all contact with probation and his current whereabouts are unknown.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Serrano is 24 years old. He is single and has no children. Mr. Serrano is unemployed and is presently not attending school. As noted in the presentence report, Mr. Serrano has a criminal record and a history of illicit drug use.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions**: Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves alien smuggling, which constitutes a Grade B violation. USSG §7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 12 to 18 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade B violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of

supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 years'</u> supervised release, less any term of imprisonment imposed upon revocation.  18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

A warrant for arrest is justified as Mr. Serrano allegedly committed alien smuggling while on supervised release and he has ceased all contact with probation.

## RECOMMENDATION/JUSTIFICATION

Within weeks of Mr. Serrano's release from custody, he violated his conditions of release.  Alien smuggling is a serious offense, which entails a significant breach of the Court's trust.  Additionally, Mr. Serrano has ceased all contact with probation and his current whereabouts are unknown.  Therefore, if the allegations of non-compliance are sustained, it is recommended that supervised release be revoked and Mr. Serrano be sentenced to 12 months' custody (the low end of the imprisonment range), consecutive to any other term of imprisonment being served, followed by 2 years of supervised release.  All previously imposed conditions of supervision are recommended.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on:  September 10, 2019

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by

Arturo Montano
U.S. Probation Officer
(760) 339-4209

Reviewed and approved:

Pascual Linarez
Supervising U.S. Probation Officer

PROB12CW

September 10, 2019

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**   Serrano, Kevin

2. **Docket No.** (Year-Sequence-Defendant No.):   18CR01159-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Alien smuggling | B |
| Failure to notify probation of arrest by law enforcement | C |
| Failure to submit drug tests | C |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                      [   B   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                           [   IV   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                       [  12 to 18 months ]

7. **Unsatisfied Conditions of Original Sentence**:   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| Restitution ($) | _____ | Community Confinement | _____ |
| Fine ($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)
Name of Offender: Kevin Serrano
Docket No.: 18CR01159-001-CAB

September 10, 2019
Page 7

## THE COURT ORDERS:

✓    AGREE.  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____    DISAGREE.  THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

_____
The Honorable Cathy Ann Bencivengo
U.S. District Judge

Date  9/11/19

nf